

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. OFFICE OF SURFACE MINING, RECLAMATION AND ENFORCEMENT, AL KLEIN, in his official capacity as Western Regional Director of the Office of Surface Mining Reclamation and Enforcement, Denver, Colorado, and SALLY JEWELL, in her capacity as U.S. Secretary of the Interior,<br><br>Defendants,<br><br>and<br><br>STATE OF MONTANA, SPRING CREEK COAL LLC, NATIONAL MINING ASSOCIATION,<br><br>Defendant-Intervenors. | CV 14-13-BLG-SPW<br><br>OPINION and ORDER |
| NORTHERN PLAINS RESOURCE COUNCIL INC., WESTERN ORGANIZATION OF RESOURCE COUNCILS INC,<br><br>Plaintiffs,<br><br>vs.<br><br>SALLY JEWELL, in her official capacity as U.S. Secretary of the Interior, U.S. OFFICE | CV 14-103-BLG-SPW |

| |
|---|
| OF SURFACE MINING RECLAMATION AND ENFORCEMENT, |
| Defendants, |
| and |
| STATE OF MONTANA, SPRING CREEK COAL LLC, NATIONAL MINING ASSOCIATION, |
| Defendant-Intervenors. |

Plaintiffs WildEarth Guardians ("WildEarth") and Northern Plains Resource Council and Western Organization of Resource Councils (collectively "Northern Plains") initiated these actions after the Federal Defendants approved a mining plan modification for the Spring Creek Mine. WildEarth, Northern Plains, Defendant-Intervenor State of Montana ("State"), Defendant-Intervenors Spring Creek Coal LCC and the National Mining Association (collectively "Spring Creek"), and the Federal Defendants have moved for summary judgment.

On October 23, 2015, United States Magistrate Judge Carolyn Ostby issued Findings and Recommendations on the pending motions. In the Findings and Recommendations, Judge Ostby concluded that the Office of Surface Mining Reclamation and Enforcement ("OSMRE") violated the public participation and notice provisions of the National Environmental Policy Act ("NEPA") by not notifying the public of a Finding of No Significant Impact ("FONSI"). Judge Ostby also concluded that OSMRE failed to take the requisite "hard look" at the

consequences of approving the mining plan amendment. Judge Ostby further found that because of the lack of public notice, WildEarth and Northern Plains did not waive their objections. Because of these NEPA violations, Judge Ostby recommends that this Court grant in part the motions filed by WildEarth and Northern Plains and deny the motions filed by the Federal Defendants, the State, and Spring Creek. To remedy the NEPA violations, Judge Ostby recommends that this Court defer vacating the mining plan approval for 180 days to allow the Federal Defendants to correct the NEPA violations.

Spring Creek, the Federal Defendants, and the State timely objected and are therefore entitled to de novo review of the specified findings or recommendations to which they object. 28 U.S.C. § 636(b)(1). Spring Creek objects to four of Judge Ostby's conclusions. First, Spring Creek argues that the Federal Defendants' failure to notify the public about the FONSI was harmless error. Second, Spring Creek argues that Judge Ostby erred by not examining the entire administrative record when she determined that the OSMRE failed to take a "hard look." Third, Spring Creek argues that WildEarth and Northern Plains waived their right to challenge the OSMRE's approval of the mining plan amendment. Fourth, Spring Creek objects to Judge Ostby's proposed remedy. The State and Federal Defendants do not challenge Judge Ostby's conclusions regarding the NEPA violations, but object to the proposed remedy.

3

The Court will address each objection separately. For the following reasons, this Court adopts the Findings and Recommendations with one exception. The Court modifies the Federal Defendants' deadline to correct the NEPA violations from 180 days to 240 days. Because the parties are familiar with the procedural and factual background of this case, it will not be restated here.

## I. Harmless Error

Spring Creek argues that Judge Ostby erred by not applying the harmless error rule to OSMRE's failure to provide public notice of the completed FONSI. Spring Creek contends that even if OSMRE had notified the public, OSMRE still would have approved the mining plan modification. The Court disagrees with Spring Creek and finds that the lack of public notification was not harmless.

One of NEPA's "twin aims" is to ensure "that the agency will inform the public that it has indeed considered environmental concerns in its decision making process." *Baltimore Gas & Elec. Co. v. Nat. Res. Def. Council, Inc.*, 462 U.S. 87, 97 (1983). An error cannot be harmless if it prevents "a proper, thorough, and public evaluation of the environmental impact of the Project." *Lands Council v. Powell*, 395 F.3d 1019, 1037 n. 25 (9th Cir. 2005). While an administrative decision should not be vacated based on a "trivial violation," 40 C.F.R. § 1500.3, a trivial violation is one that "does not frustrate NEPA's twin goals of ensuring that the decision-maker was otherwise fully informed as to the environmental

4

consequences of the proposed action and that members of the public had sufficient information with respect to the omitted topic." *Sierra Club v. Bosworth*, 199 F. Supp. 2d 971, 986 (N.D. Cal. 2002) (quoting *Laguna Greenbelt v. Department of Transportation,* 42 F.3d 517, 527 (9th Cir.1994)).

Regulation required the Federal Defendants to notify the public of the completed FONSI. 43 C.F.R. § 46.305(c). No party contests that the Federal Defendants did not comply with that regulation. Failure to provide public notice of a completed FONSI not only violated 43 C.F.R. § 46.305(c), but also prevented a public evaluation of OSMRE's decision to issue the FONSI. Since one of NEPA's purposes is to keep the public informed of environmental decisions, failing to publicize the completed FONSI cannot be harmless error. *Lands Council*, 395 F.3d at 1037 n. 25.

## II. The "Hard Look"

Spring Creek argues that Judge Ostby erred by failing to examine the entire record before OSMRE when she concluded that the agency did not take the requisite "hard look." This Court disagrees and finds that Judge Ostby correctly concluded that OSMRE failed to take a hard look at the mining plan amendment under NEPA.

An agency's decision may be upheld only "on the basis articulated by the agency itself." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto.*

5

*Ins. Co.*, 463 U.S. 29, 50 (1983). If the grounds stated in the agency decision are inadequate, courts cannot substitute any alternative grounds to support the finding. *Ctr. for Biological Diversity v. Kempthorne*, 466 F.3d 1098, 1103 (9th Cir. 2006). Here, the only information that OSMRE cited in the FONSI was the Environmental Assessment ("EA") prepared in 2006. AR 16. However, the Bureau of Land Management specifically stated in the EA that it does not authorize mining operation by issuing a lease. AR 27. Instead, the EA noted that:

> After a lease has been issued but prior to mine development, the lessee must file a permit application package with the MDEQ and Office of Surface Mining Reclamation and Enforcement (OSMRE) for a surface mining permit and approval of the Mineral Leasing Act of 1920 (MLA) mining plan. An analysis of a detailed site-specific mining and reclamation plan occurs at that time.

*Id.* By relying on a document that specifically did not analyze "a detailed site-specific mining and reclamation plan," OSMRE did not provide "a convincing statement of reasons to explain why [the] project's impacts are insignificant." *In Def. of Animals, Dreamcatcher Wild Horse & Burro Sanctuary v. U.S. Dep't of Interior*, 751 F.3d 1054, 1068 (9th Cir. 2014). If OSMRE relied upon other information in rendering its decision, it did not say so in the FONSI. The Court is precluded from speculating what other information OSMRE may have looked to prior to issuing the FONSI. Accordingly, the Court agrees with Judge Ostby that based on the administrative record, OSMRE failed to take the requisite hard look.

## III. Waiver

Spring Creek argues that WildEarth and Northern Plains waived their right to challenge the nonpublication of the FONSI by not participating in the administrative process leading to the mining plan's approval. A party may forfeit the opportunity to challenge an agency decision by not raising it during the administrative process. *Dep't of Transp. v. Pub. Citizen*, 541 U.S. 752, 764-65 (2004). However, OSMRE's lack of public notification of the FONSI prevented WildEarth and Northern Plains from raising their concerns. WildEarth and Northern Plains' absence from other aspects of the approval process does not prohibit their ability to challenge the FONSI. Since WildEarth and Northern Plains never had the opportunity to object to the FONSI, they could not have waived their right to challenge it.

## IV. Remedy

As noted above, Judge Ostby recommends that this Court defer the vacatur of the mining plan amendment for 180 days. During that time period, Judge Ostby recommends that this Court allow the Federal Defendants to correct the NEPA deficiencies. Spring Creek and the State object to the automatic vacatur after the 180-day period and argue that this Court should later consider an appropriate remedy if the process is not completed after 180 days. The Federal Defendants ask for 240 days to complete a corrective NEPA analysis.

While WildEarth supports Judge Ostby's 180-day deadline, Northern Plains suggests a different course of action. Northern Plains recommends that this Court allow the Federal Defendants 240 days to complete the process. To ensure that OSMRE is making progress, Northern Plains suggests that the Court require monthly status reports. Northern Plains also would allow the Federal Defendants to seek leave to extend the 240-day deadline upon a showing of good cause. Good cause would include unforeseen circumstances or a decision to complete an Environmental Impact Statement.

The Court agrees with Northern Plains. Given the Federal Defendants' representations, 240 days is a more realistic deadline. Further, the Court finds that it would be appropriate to allow the Federal Defendants an opportunity to show good cause to extend the deadline. The Court cautions that the deadline will not automatically be extended; the Federal Defendants must make a showing that they have diligently attempted to complete the process within 240 days and subsequent developments have delayed the process.

## V. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED:

1. With the exception of the proposed remedy, Judge Ostby's Findings and Recommendations (Doc. 129) are ADOPTED.

2. WildEarth's and Northern Plains' summary judgment motions (Docs. 76 and 78) are GRANTED IN PART as set forth in the Findings and Recommendations.

3. Spring Creek's, the Federal Defendants', and the State's summary judgment motions (Docs. 89, 93, and 97) are DENIED.

4. Vacatur of the mining plan amendment is deferred for a period of 240 days. During that time period, the Federal Defendants shall correct the NEPA violations by preparing an updated environmental assessment, taking a hard look at the direct and indirect environmental effects of the mining plan amendment, and complying with the applicable public notice and participation requirements. The Federal Defendants may seek leave to extend the 240-day deadline upon a showing of good cause.

5. The Federal Defendants shall file monthly status reports by the last business day of each month during the 240-day time period. The first status report is due February 29, 2016.

6. WildEarth and Northern Plains are awarded reasonable attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

DATED this 21st day of January, 2016.

SUSAN P. WATTERS
United States District Judge